## THOMAS *vs.* HOFFMAN.

In an action of trespass against several defendants, where verdict was rendered against all, on a motion for new trial on the ground that the verdict as against three of the defendants was erroneous, the Court below permitted the plaintiff to discontinue as to the three and rendered judgment for costs in their favor. New trial denied. *Held,* that the discontinuance was proper.

Error to Lapeer Circuit.

*Opinion by* COOLEY, J—The only question in this case related to the correctness of the Court in permitting a discontinuance as to three of the plaintiffs in error, after verdict against all three and judgment against the others, without a new trial. The action was trespass against fourteen defendants, and a verdict rendered against all. The same journal entry which records the verdict includes also a judgment upon the verdict against all; but this was probably an inadvertence of the Clerk, as on the same day twenty days were allowed the defendants in which to move for a new trial. The motion was argued October 21, 1869, and the Court made an order that, it appearing that the verdict rendered against three of the defendants was contrary to the evidence, there being no sufficient evidence to show that they were guilty of the trespasses complained of, and the verdict being contrary to the charge of the Court, a new trial was ordered, unless the plaintiff within one day elects to discontinue as against the said three defendants, and agrees to an entry of judgment for costs in their favor. The next day, attention having apparently been called to the fact that judgment had been entered upon the verdict, a new judgment was entered in favor of the three as to whom suit had been discontinued, and against the other eleven.— The defendants then brought error.

The ground taken was, that after a cause had been submitted to a jury, and they have by their verdict assessed joint damages against all the defendants, the plaintiff cannot discontinue as to one or more of the defendants and retain his verdict or judgment against the others. It was conceded that, as all torts are joint and several, the plaintiff, who has joined several as wrong doers in one action, may discontinue as to any of them before verdict, and that the authori-

ties sanction a discontinuance, after verdict, as to any defendant who, by reason of any rule of law, could not properly have been joined, and also as to any defendant against whom damages have been severally assessed; but it was claimed that the authorities do not go further.

The discontinuance in this case was correct, and the judgment below was confirmed with costs. For the ratification of any injustice which might accrue to a part of the defendants through any estimate placed by the jury upon the conduct of the defendants as to whom a discontinuance was entered, the Judge of the Circuit must be appealed to.